

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

ENTERED
10/14/2016

| | | |
|---|---|---|
| IN RE: | § | |
| **JOSE MARCOS MONTALVO; dba** | § | **CASE NO: 16-70186** |
| **MONTALVO ROOFING AND** | § | |
| **CONSTRUCTION; dba MONTALVO** | § | |
| **ROOFING; dba MONTALVO** | § | |
| **ENTERPRISES LLC; dba MONTALVO** | § | |
| **ENTERPRISES, LLC** | § | |
| **Debtor** | § | |
| | § | **CHAPTER  13** |
| | § | |
| **JOSE MARCOS MONTALVO** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 16-7010** |
| | § | |
| **ADOLFO VELA,** *et al* | § | |
| **Defendants** | | **JUDGE RODRIGUEZ** |

**MEMORANDUM OPINION**
**DENYING DEFENDANT ADOLFO VELA'S MOTION FOR REMAND**
[*Resolving ECF No. 12*]

## I.   INTRODUCTION

Pending before the Court is a single motion, self-styled as "Motion for Remand," filed by

Adolfo Vela ("***Vela***"), a defendant, on June 9, 2016.  [ECF No. 2] (including as amended, the

"***Motion***"); *see also* [ECF No. 12].  The Motion seeks to have this Court return the Adversary

Proceeding, having been removed from the 93rd District Court of Hidalgo County, Texas, back

to said court on the basis of abstention, pursuant to 28 U.S.C. § 1334(c).  *Id.* at ¶ 7.  This Court,

having considered the pleadings filed by the parties, the arguments made, the evidence, and the

remainder of the record, finds that Vela's Motion should be **DENIED** as to mandatory

abstention, pursuant to § 1334(c)(2), discretionary abstention under § 1334(c)(1), and equitable

remand under § 1452.

## II.    FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and Fed. R. Bankr. P. 9014.  To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such.  To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

The seemingly never ending saga of the underlying state court litigation begins with Jose Marcos Montalvo, individually, and Marcos Montalvo d/b/a Montalvo Roofing & Construction (collectively, "*Montalvo*") alleging that the facts in a prior state court case, not currently before this Court, demonstrate Adolfo Vela, individually, and d/b/a Adelco Enterprises ("*Vela*"), entered into a construction contract with Enriquez Enterprises, Inc., which lead to a construction subcontract for labor with Montalvo. [ECF No. 1-4 at 2].

On January 13, 2009, Vela filed a petition in the 275th District Court for Hidalgo County, Texas in Case No. C-095-09-E ("*C095-09*"), wherein it is alleged Montalvo breached his contractual obligations with Vela.  *See generally* Vela Exh. 2(A).  The 275TH State District Court granted summary judgment in favor of Vela and against Montalvo in the amount of $21,967.00, pre-judgment interest of $2,200 and attorney's fees of $7,500 for a total judgment in the amount of $31,667.00.  [ECF No. 1-12]; Vela Exh. 1.

On March 20, 2012, and per the judgment rendered by the 275th State District Court in C-095-09, a Writ of Execution was subsequently entered.  [ECF Nos. 1-21, 22].  The following tracts of land were noticed to be sold by sheriff's sale in a writ of execution on March 20, 2012 and July 19, 2012:  Tract 1,[1] Tract 2,[2] Tract 3,[3] Tract 4,[4] Tract 5,[5] and Tract 6.[6]  *See generally*

---

[1] Tract 1 is comprised of 5.742 acres in Hidalgo County, Texas "being out of Lots 24 and 25, Hill Halbert Tract … recorded in Volume 1, Page 35."  Montalvo Exh. G at 2, 4.
[2] Tract 2 is comprised of "Lot 11, Block 2, East Donna Subdivision, City of Donna, Hidalgo County, Texas … as recorded in Volume 24, Page 173B…"  *Id.* at 6.

Montalvo Exh. F (collectively, the "**Real Property**").  Montalvo's Real Property were levied, seized, and sold at a sheriff's sale in order to satisfy the original monetary judgment in Case No. C-095-09.  *See* Montalvo Exh. F.   Tracts 1 through 4 were struck off to TCPSP Corporation at the May 2012 sheriff's foreclosure sale occurring on the first Tuesday of the month as follows: Tract 1 was sold for $650.00, Tract 2 was sold for $650.00, Tract 3 was sold for $650.00, and Tract 4 was sold for $650.00.  *See generally* Montalvo Exh. G; [ECF No. 1-4].   However, Montalvo alleges that Tracts 5 and 6 were also sold at the same sheriff's sale as Tracts 1 through 4.  *See* [ECF No. 1-4 at 2].

On August 22, 2012, Montalvo filed his "Petition For Bill of Review" in the 275th District Court for Hidalgo County, Texas, styled as Case No. C-2559-12-E ("**C-2559-12**").  [ECF No. 1-13]; Vela Exh. 3(A).  On December 5, 2015 a Final Take Nothing Judgment was entered against Montalvo.  [ECF No. 1-15]; Vela Exh. 4.

C-2559-12 was subsequently appealed to the Thirteenth Court of Appeals, which affirmed the lower court decision.  Vela Exh. 5.  After filing C-2559-12, Montalvo allegedly filed a second bill of review in 2014 before the 275th District Court of Hidalgo County, Texas that has not been removed to this Court according to the arguments presented by Montalvo's Counsel at the August 26, 2016 hearing.

On December 10, 2013, Montalvo filed a lawsuit against Vela, individually, and Vela d/b/a Adelco Enterprises ("**Adelco**"), and TCPSP Corporation ("**TCPSP**," and collectively, "**Defendants**") in the 93rd Judicial District Court of Hidalgo County, Texas, styled as Case No.

---

[3] Tract 3 is comprised of "Lot 13, Sing's Subdivision, … City of Pharr, Hidalgo County, Texas … recorded in Volume 29, Page 52…" *id.* at 9.
[4] Tract 4 is comprised of "Lot [49], Villas Estates Subdivision, … City of Mission, Hidalgo County, Texas … recorded in Volume 44, Page 16…" *id.* at 12.
[5] Tract 5 is comprised of "Lots [21] and [22], Mixon Subdivision, … City of Donna, Hidalgo County, Texas … recorded in Volume 4, Page 35…"  Montalvo Exh. F at 2.
[6] Tract 6 is comprised of "Lot [5], in Block Number [102], of the Fresno Subscription in the City of Pharr, Hidalgo, Texas."  *Id.*

C-7344-13-B ("*C-7344-13*").  *See* [Case No. 16-7010, ECF No. 1-2 at 1].  Thereafter, Montalvo filed for chapter 13 bankruptcy on April 27, 2016, which is concurrently pending before this Court.  [Case 16-70186, ECF No. 1].  On May 24, 2016, Montalvo filed his self-styled "Application of Removal," pursuant to 28 U.S.C. §§ 1334 and 1452(a), and Fed. R. Bankr. P. 9027(a)(1), and removed C-7344-13 to this Court, which stayed all pending litigation in C-7344-13 in state court, and initiated this Adversary Proceeding.  [ECF No. 54]; *see also* [Case No. 16-7010, ECF No. 1].

Montalvo's claims in C-7344-13, now this Adversary Proceeding due to its removal, are premised on the adverse rulings of the state court in C-095-09 and are as follows: (i) Fraud By Misrepresentation and Nondisclosure; (ii) Promissory Estoppel; (iii) Negligent Misrepresentation; (iv) Malicious Prosecution; (v) Breach of Fiduciary Duty; (vi) Conversion; (vii) Intentional Infliction of Emotional Distress; (viii) Declaratory Judgment – Suit To Quiet Title; (ix) Abuse of Process; and (x) Damages For Mental Anguish.  [ECF No. 1-16]; Vela Exh. 6(A).  Montalvo seeks the following relief: (i) Compensatory Damages; (ii) Exemplary Damages; (iii) Temporary Restraining Order; (iv) Temporary Injunction; (v) Permanent Injunction, as to Tract 5 only; and (vi) Attorney's Fees.  [ECF No.1-16]; Vela Exh. 6(A). Montalvo essentially argues the foreclosures were not properly noticed, and if the execution sales are voided, then, as a result, the Real Property or monetary damages would enter into the Debtor's Bankruptcy estate.  *See generally* [ECF No. 1-16]; *see also* 11 U.S.C. § 541.

On June 9, 2016, Vela responded to Montalvo's Application of Removal with his Motion averring this Court does not have jurisdiction over the Montalvo claims—the C-095-09 Case— because the state court did not have jurisdiction to begin with.  [ECF No. 2]; *see also* [ECF No. 12] (amending the Motion).  Vela's Motion For Remand essentially contends that Montalvo's

original petition is in fact a cloaked bill-of-review[7] that collaterally attacks the previously rendered judgment in favor of Vela and against Montalvo in C-095-09-E.  [ECF No. 12 at 2]. Thus, Vela argues the 275th District Court of Texas that originally rendered a judgment in Case No. C-095-09, has exclusive jurisdiction over any bill-of-review seeking to attack that judgment, and therefore the 93rd District Court of Texas, in C-7344-13, lacks the requisite jurisdiction to entertain said petition cloaked as a bill-of-review filed in the 275th State District Court.  *Id*. Correspondingly, Vela suggests this Court also lacks jurisdiction over the Montalvo's cloaked bill-of-review claims against Vela.  *Id*.  Vela requests this Court abstain from hearing Montalvo's "bill-of-review" claims, as well as all ancillary claims pertaining to the Adversary Proceeding at bar, which is to actually say that Vela seeks relief pursuant to 28 U.S.C. § 1334(c).  Shortly thereafter, TCPSP filed its Motion for Summary Judgment declaring a statute of limitations bar on the wrongful foreclosures or execution claims Montalvo brings before the Court.  [ECF No. 3]; *see also* [ECF No. 13] (amending TCPSP's Motion for Summary Judgment).

On July 31, 2016, Montalvo filed his response to the Motion.  [ECF No. 5] (the "***Response***").  Montalvo's Response, incorporating a Motion to Strike, argues that the Motion is procedurally improper based on non-compliance with BLR 9013-1, as applicable in adversary proceedings via BLR 7007-1.  *Id.* at ¶ 1.  The portion of the Response that is actually responding to the Motion alleges that some of the representations made are "disingenuous at best" and, for the most part, denies each allegation made in the Motion.  *See generally* [ECF No. 5 at ¶¶ 4-15]. Montalvo also "seeks sanctions and attorney fees" against Vela and his counsel on the basis of the alleged misrepresentations.  *Id.* at ¶ 15; *c.f.* Fed. R. Bankr. P. 9011(b).  *But see* Fed. R. Bankr. P. 9011(c).

---

[7] The phrase "cloaked bill-of-review" is used by the Court to describe the manner in which Defendant's Counsel has described C-7344-13 in his testimony and the pleadings filed in this Case, but it should not be understood to indicate that the Court finds that C-7344-13 is in fact a bill-of-review.

On August 15, 2016, Vela filed his First Amended Motion for Remand.  [ECF No. 12]. The First Amended Motion for Remand contains the negative notice language that the Response complained the Motion lacked, but otherwise is substantively similar to the Motion.  *Compare* [ECF No. 12] *with* [ECF NO. 2]; *see also* [ECF No. 5]; BLR 9013-1(b).  Vela subsequently filed a reply to Montalvo's Response, wherein he argues that the First Amended Motion for Remand "resolves Plaintiff/Debtor's issues."  [ECF No. 15 at ¶ 1].

On August 26, 2016, this Court conducted an evidentiary hearing (the "***Hearing***") on the Motion.  At the Hearing, Counsels for Vela and TCPSP appeared as did Counsels for Montalvo. The parties respectively offered exhibits and substantial arguments were presented.

The Exhibits offered and admitted:

1.  By Montalvo:
    Exhibit A:   Summary Judgment By Submission in Case No. C-095-09-E in the 275th District Court of Hidalgo County, Texas;
    Exhibit B:   Judgment in Case No. 13-14-0016-CV before the Thirteenth Court of Appeals, Texas;
    Exhibit C:   Montalvo's Second Supplemental Complaint and Supplemental Petition in Case No. 13-14-0016-CV before the Thirteenth Court of Appeals, Texas;
    Exhibit D:   Transcript of Vela's Testimony on December 3, 2014 in a proceeding before Judge Reyna of the 206th District Court of Hidalgo County, Texas;
    Exhibit E:   Request for Writ of Execution filed by Harold K. Tummel on March 1, 2012;
    Exhibit F:   Foreclosure Notices of Sale, dated March 20, 2012 and July 19, 2012, issued by the Hidalgo County Sheriff;
    Exhibit G:   Sheriff's Deeds for Tracts 1 through 4 of the Real Property;
    Exhibit H:   Hidalgo County Appraisal District Records for the Real Property;
    Exhibit I:    Montalvo's Amended Petition and Amended Schedules, [Case No. 16-70186, ECF No. 81];
    Exhibit J:    Certificate of Formation for TCPSP Corporation;
    Exhibit K:   Vela's First Amended Motion for Remand, [ECF No. 12];
    Exhibit L:   Montalvo's Response, [ECF No. 9]; and
    Exhibit M:  Montalvo's Application for Residence Homestead Exemption.

2. By Vela:

Exhibit 1:   Summary Judgment in Case No. C-095-09-E in the 275th District Court of Hidalgo County, Texas;

Exhibit 2:

(A):   Vela's Original Petition in Case No. C-095-09-E in the 275th District Court of Hidalgo County, Texas;

(B):   Montalvo's Original Answer in Case No. C-095-09-E in the 275th District Court of Hidalgo County, Texas;

Exhibit 3:

(A):   Montalvo's Petition for Bill of Review in Case No. C-2559-12-E in the 275th District Court of Hidalgo County, Texas;

(B):   Vela's Original Answer in Case No. C-2559-12-E in the 275th District Court of Hidalgo County, Texas;

(C):   Vela's First Amended Answer in Case No. C-2559-12-E in the 275th District Court of Hidalgo County, Texas;

(D):   Vela's Second Amended Answer in Case No. C-2559-12-E in the 275th District Court of Hidalgo County, Texas;

(E):   Vela's Counterclaim in Case No. C-2559-12-E in the 275th District Court of Hidalgo County, Texas;

(F):   Vela's First Amended Counterclaim in Case No. C-2559-12-E in the 275th District Court of Hidalgo County, Texas;

Exhibit 4:   Final Judgment in Case No. C-2559-12-E in the 275th District Court of Hidalgo County, Texas;

Exhibit 5:   Judgment and Memorandum Opinion in Case No. C-2559-12-E by the Court of Appeals for the Thirteenth District of Texas;

Exhibit 6:

(A):   Montalvo's Original Petition and Application for ExParte Temporary Restraining Order and Temporary Injunction in Case No. C-7344-13-B in the 93rd District Court of Hidalgo County, Texas;

(B):   Vela's Original Answer in Case No. C-7344-13-B in the 93rd District Court of Hidalgo County, Texas;

(C):   Vela's Original Counterclaim in Case No. C-7344-13-B in the 93rd District Court of Hidalgo County, Texas;

(D):   Montalvo's Supplemental Petition in Case No. C-7344-13-B in the 93rd District Court of Hidalgo County, Texas;

(E):   TCPSP's Original Answer in Case No. C-7344-13-B in the 93rd District Court of Hidalgo County, Texas; and

(F):   Montalvo's Suggestion of Bankruptcy in Case No. C-7344-13-B in the 93rd District Court of Hidalgo County, Texas.

At the Hearing, Mr. Harold K. Tummel ("***Tummel***") was the sole witness to provide testimony.

1. Upon direct examination, Tummel testified about the different cases that Montalvo had filed in the ongoing saga of this litigation from his perspective as Vela's Counsel:

   a. In C-095-09, the court granted summary judgment against Montalvo in Vela's his breach of contract petition.

   b. The bill-of-review, filed in the 275th State District Court of Hidalgo County, Texas and styled as Case No. C-2559-12 on August 22, 2012, sought review of C-095-09, which was filed in the same state court previously.  The bill-of-review also complained of the May 2012 execution sale wherein Montalvo's Real Property was sold.  The state court ultimately entered a take nothing judgment against Montalvo and Montalvo appealed to the Thirteenth Court of Appeals, which affirmed the lower court.

   c. Montalvo's removed case—C-7344-13—, which is now the instant Adversary Proceeding, has had numerous hearings, multiple motions for summary judgment, and many motions that had not yet been ruled upon.  Tummel discussed the basis for the case, *inter alia*, as a criticism of the execution of the Real Property and referenced Vela's Exhibit 3(A) to show how Montalvo had previously complained about the execution sales.  Tummel further stated that, upon agreement by the parties, the 93rd State District Court of Hidalgo County, Texas abated the proceedings in C-7344-13 pending the outcome of the Montalvo's appeal to the Thirteenth Court of Appeals.

2. On Cross Examination, Tummel testified regarding:

a. The Motion for Summary Judgment filed in C-095-09.  An affidavit from Vela was used to establish certain facts, i.e. that $22,000 had been deducted by a general contractor in the job where the parties were involved, in the Motion for Summary Judgment and other pleadings.

b. The bill-of-review sought to set aside the judgment from C-095-09 which was ultimately denied because Montalvo had notice.  Tummel also discussed his interpretation of a bill of review action and whether Montalvo's original petition sought damages in addition to equitable relief.

c. Tummel could not recall that a deposition had been taken in C-7344-13. Tummel's view, as espoused in the Motion, is that Montalvo's original petition in C-7344-13 is in fact a bill-of-review.  However, when asked if any of Montalvo's causes of action in the instant case requested a bill of review, Tummel responded unequivocally, at first, before expounding on his answer that if relief sought is a disregarding of the original judgment then, in effect, the result is the same as a bill-of-review.  Tummel's review of Montalvo's original petition and summarized recitation of the causes of action did not reveal a cause to set aside the result of C-095-09.  Although, Tummel argued that the prayer for relief, by implication, includes prior pleadings.

d. On the issue of the degree of authorization Vela had given Tummel as his attorney, Tummel stated that Vela had retained him to collect on a debt that includes filing suit and collect on a judgment, if one is obtained.  At a prior hearing in state court, Tummel admitted that Vela testified that Tummel had not advised him about the Sheriff's sale or that it was going to occur.

e.  Tummel was questioned on the status of the proceedings in state court, prior to it being removed to this Court, and whether it may proceed more timely if this Court denied Vela's Motion.  Tummel replied that many of the delays were by request of the parties, either unilaterally or bilaterally.  Certain motions were heard by the state court in July 2015 and the state court had declined to grant relief as of the Hearing, but Tummel's response was to attack the merits of the case, which he described as a "circus," rather than to substantively address whether the case may be more timely heard.

f.  Upon considering the potential relief that may be granted, Tummel felt that Montalvo would have a claim for damages, but equitable relief would not be available.  To wit, Tummel testified that TCPSP has not transferred properties to any trust, but it has transferred the properties to "different people," such as the Guerra's.

g.  Tummel stated that he did not have any information as to why this Court could not timely adjudicate the instant matter, as compared to the state court.

### III.     LEGAL STANDARD

For a Motion to Remand, or alternatively to Abstain, there are four different bases from which it may be brought: 28 U.S.C. §§ 1447(c), 1452(b) and 28 U.S.C. § 1334(c)(1), (c)(2).  *In re Treyson Dev., Inc.*, 2016 WL 1604347, at *1 (Bankr. S.D. Tex. Apr. 19, 2016).  Section 1447 astricts courts to remand causes of action when the court determines that it lacks subject matter jurisdiction at any point prior to final judgment.  § 1447(c); *see also In re Allison*, 2006 WL 2620480, at *7 (Bankr. S.D. Tex. Sep. 12, 2006) ("At a minimum, a bankruptcy court has jurisdiction to determine its own jurisdiction.").  A Motion for Remand pursuant to § 1452 or

Abstention under § 1334(c)(1) are similar in nature, as both are rooted in equity and courts have discretion to rule. *J.T. Thorpe Co. v. Am. Motorists*, 2003 U.S. Dist. LEXIS 26016, at *21 (S.D. Tex. June 6, 2003). Remand under §§ 1452 and 1334(c)(1) also use similar factors for considering whether to remand the removed action. *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir.1984); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp.2d 596, 603 n.1 (S.D.Tex.1999); *see also Ramirez v. Rodriguez*, 413 B.R. 621, 631–33 (Bankr.S.D.Tex.2009). A Motion to Abstain pursuant to § 1334(c)(2) is significantly different, and courts have no discretion if the party requesting relief meets the requirements for remand. *J.T. Thorpe*, 2003 U.S. Dist. LEXIS 26016, at *10; *see Ramirez*, 413 B.R. at 626–28; *see also Schuster v. Mims* (*In re Rupp & Bowman Co.*), 109 F.3d 237, 239 (5th Cir.1997).

## IV.   CONCLUSIONS OF LAW

### a.  Jurisdiction

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." *See also* 28 U.S.C. § 157(a); In re: Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012). The instant matter involves multiple claims against Vela and TCPSP's conduct in pursuing a claim against Montalvo, but each of the claims, as they were brought prior to the instant bankruptcy having been filed, sound in Texas law rather than federal statutes. *See generally* [ECF No. 1]. As such, this is a core matter, in the sense that § 157 provides that matters adjusting "the debtor-creditor … relationship" because both Vela and TCPSP have also filed proofs of claim against Montalvo in the underlying bankruptcy and the outcome of this matter would affect those claims. 28 U.S.C. § 157(b)(2); [Case No. 16-70186, Claim Nos. 1-1, 2-2, 3-1]; *see also In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is

core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

### b. Venue

This Court may only hear a case in which venue is proper. 28 U.S.C. §§ 1408 and 1409. Venue is proper, pursuant to § 1409, as the Montalvo's principal place of residence is in Pharr, Texas. Defendant Vela's primary place of business is in McAllen, Texas. Defendant TCPSP is a corporation established and existing under Texas state law and has its primary place of business and registered agent in Edinburg, Texas.

### c. Constitutional Authority To Enter A Final Order

This Court also has an independent duty to evaluate whether it has the constitutional authority to sign a final order. *Stern v. Marshall*, 564 U.S. 462 (2011). In *Stern*, the Supreme Court reasoned that bankruptcy judges are not protected by the lifetime tenure attribute of Article III judges, but they were performing Article III judgments by judging on "all matters of fact and law" with finality. *Id*. at 498-500. Hence, the Court held Article III imposes some restrictions against a bankruptcy judge's power to rule with finality, but a bankruptcy court is permitted to issue final judgments and orders where the issue "arises in" or "arises under" bankruptcy, but not where the issue is merely "related to" bankruptcy. *See* § 157. However, Article III will be satisfied where parties knowingly and voluntarily consent to the bankruptcy court's power to issue final judgments. *Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938–39 (2015); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989); *Katchen v. Landy*, 382 U.S. 323 (1966); *but c.f. Schoenthal v. Irving Trust Co.*, 287 U.S. 92 (1932). In the instant case, Montalvo seeks to litigate the matter before this Court while Vela seeks to return the matter to state court. *Compare* [ECF No. 1] *and* [ECF No. 5] *and* [ECF No. 9] *with* [ECF No. 2] *and* [ECF No. 12].

Since the resolution of the instant matter is not a final determination of the parties' rights to secure the relief they seek, a final order or judgment is interlocutory and does not run afoul of *Stern*.  *Matter of Rupp & Bowman Co.*, 109 F.3d 237 (5th Cir. 1997); *see also Stern*, 564 U.S. at 498-500; *Catlin v. United States*, 324 U.S. 229, 223 (1945) (stating that an order is appealable if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"); *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) ("[A]n order in an individual adversary proceeding is not final unless it ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.").  *C.f. Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1155 (5th Cir. 1988).

### d.  Analysis of the Relief Sought by the Amended Motion

Once a lawsuit involving claims relating to the bankruptcy has been removed to the bankruptcy court, Congress has provided multiple avenues for a party to have the proceeding remanded to state court, including petitioning for mandatory abstention, for permissive abstention, or for equitable remand.  28 U.S.C. §§ 1334(c)(1)-(2) and 1452(b).  *In re Houston Regional Sports Network, L.P.*, 514 B.R. 211, 213 (Bankr. S.D. Tex. 2014).

Vela filed his Motion on June 9, 2016, which was timely pursuant to 28 U.S.C. § 1447(c),[8] as the Application of Removal was filed on June 7, 2016.  *Compare* [ECF No. 1] *with* [ECF No. 2].  The Motion "urges the Court to abstain…," but fails to state under which basis, either § 1334(c)(1) or § 1334(c)(2), that this Court should abstain, thus, due to the Motion being unclear, this Court will analyze abstention under both bases.  [ECF No. 2 at ¶ 7]; Fed. R. Civ. P.

---

[8] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be *made within 30 days after the filing of the notice of removal* under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case."  28 U.S.C. § 1447(c) (emphasis added).

8(e); Fed. R. Bankr. P. 7008.   This memorandum opinion will discuss the applicable law pertaining to the Vela's Motion, as well as whether the Court should or must abstain from exercising jurisdiction over Montalvo's causes of action against the Defendants.   Given the similarity of analysis between permission abstention and equitable remand, pursuant to 28 U.S.C. § 1452, this Court will commence with that analysis.

### 1.   Equitable Remand under 28 U.S.C. § 1452(b)

Section 1452, in relevant part, provides parties with the ability to:

> remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).   However, § 1452 also allows the court to which such claim or cause of action is removed to remand such claim or cause of action on any equitable ground.   28 U.S.C. § 1452(b).   In determining whether to grant a motion to remand under § 1452(b), this Court in *Treyson* previously adopted two sets of factors.   *In re Treyson Dev., Inc.,* No. 14-70256, 2016 WL 1604347, at *19 (Bankr. S.D. Tex. Apr. 19, 2016).   The first set of factors considers whether the Court should remand or abstain and include:

> (1) the convenience of the forum;
> (2) the presence of non-debtor parties;
> (3) whether the case should be tried as a whole in state court;
> (4) the duplicative and uneconomic effect of judicial resources in two forums;
> (5) the lessened possibility of inconsistent results;
> (6) whether the state court would be better able to handle issues of State law;
> (7) the expertise of the Bankruptcy Court;
> (8) the degree of relatedness or remoteness to the main bankruptcy case;
> (9) prejudice to involuntarily removed parties;
> (10) whether the case involves forum shopping;
> (11) the burden on the Bankruptcy Court's docket; and
> (12) considerations of comity.

*Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc.* (*In re Ciclon Negro, Inc.*), 260 B.R.

832, 837 (Bankr. S.D. Tex. 2001) (*citing to Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984), and *In re U.S. Brass Corp*., 173 B.R. 1000, 1005 (Bankr. E.D. Tex. 1994)).

Section 1452(b) is similar to §1334(c) as both favor comity and the resolution of state law questions by state courts. *J.T. Thorpe Co. v. Am. Motorists*, 2003 U.S. Dist. LEXIS 26016, at *1, *21 (S.D. Tex. June 6, 2003) *(citing to Lee v. Miller*, 263 B.R. 757, 763 (S.D.Miss.2001)); *see also Ramirez,* 413 B.R. at 632 (Bankr.S.D.Tex.2009).   Because the two are similar in purpose, factors which weigh in favor of discretionary abstention or dictate mandatory abstention under § 1334(c) will also weigh in favor of equitable remand under § 1452(b). *Id*.

This Court will now analyze each of the twelve factors.  Here, all parties reside in Texas and are located in Hidalgo County.  [ECF No. 1-4 at 2].  Thus, the first factor is neutral as all parties reside within the McAllen Division of the Southern District of Texas, so forum non conveniens is inapplicable.  With the exception of the non-moving party, Montalvo, all other parties to this action are non-debtors.  [ECF No. 1].  Therefore, the presence of non-debtors in this action weighs in favor of remand to the appropriate state court under the second factor.  The third factor is whether the case should be tried as a whole in state court.  Pursuant to Montalvo's Second Supplemental Petition, Montalvo has asserted ten causes of action challenging, *inter alia*, the propriety and legality of a Sheriff's sale, which included seven of Montalvo's properties, including his homestead property.  [ECF No. 1 at 2].  The specific causes of action asserted are fraud by misrepresentation and nondisclosure, promissory estoppel, claim for damages, breach of fiduciary duty, negligent misrepresentation, malicious prosecution, conversion, intentional infliction of emotional distress, suit to quiet title, abuse of process, and wrongful foreclosure.  *Id*. All of the causes of action constitute claims rooted in Texas state law and therefore could be tried as a whole in state court.  These causes of action are not novel issues of state law, but are

common claims that come before this Court. Therefore, the third factor is neutral. Prior to the removal of this case from state court, discovery began between the parties and the state court filed numerous orders, including an order setting a hearing for summary judgment, but the testimony at the Hearing, when compared to the state court docket, indicated that the progress in the case has been minimal. *See generally* [ECF No. 1-2]; [ECF No. 1-2]. Thus, the duplicative effect would be *de minimis*. Thus, the fourth factor is neutral. The fifth factor is the lessened possibility of inconsistent results. Having the state court adjudicate these issues which are solely based on state law would lessen the possibility of inconsistent results, but as previously stated the claims in this case are not novel and could as efficiently be tried before this Court. As such, the fifth factor is neutral. Sixth, the issues surrounding the claims involved in this lawsuit exclusively derive from state law, but are not unfamiliar to federal courts. [ECF No. 1 at 2]. Accordingly, the sixth factor is neutral. The seventh factor looks at the expertise of the Bankruptcy court; while this Court readily possesses the requisite level of expertise to decide these state law issues, there has not been a showing that this Court cannot resolve the matter as easily as the state court. *See generally* [ECF No. 1-2]. Therefore, the seventh factor is neutral. Although the present action may be *related to* a title 11 bankruptcy case, it does not *arise under* title 11 or *arise in* a case under title 11 because the claims are purely of a state law nature. Therefore, the eighth factor and the degree of relatedness of this action to Montalvo's Chapter 13 bankruptcy case weigh in favor of remand. As for the ninth factor, the result of involuntarily removing this action from state court may have some prejudice to the involuntarily removed parties because the 93rd State District Court had set a hearing for summary judgment. [ECF No. 1-2]. However, removed cases come into federal court in the same procedural posture as in the state court, so the prejudice is *de minimis*. Therefore, this Court finds that the ninth factor only

slightly weighs in favor of remand.  The tenth factor is immaterial in the instant case because Montalvo has the right by statute to move his case from state court to federal court and, to the extent that there is forum shopping, it is of the type that has been explicitly endorsed by Congress.  *See* § 1452.  The eleventh factor looks to the burden on the Bankruptcy Court's docket.  Although the burden of this Court's bankruptcy docket is always a relevant consideration, a state court docket is just as likely to bear this burden as well, and there is no evidence in the record that would indicate that this Court's docket is overly burdened. Therefore, the eleventh factor is neutral with regards to equitable remand.  Lastly, the principals of comity support this Court remanding this action to the state court, which has entertained the action for over two years.  Thus, the twelfth factor weighs in favor of equitable remand.  [ECF No. 1-2].

In the case at bar, factors two, eight, nine, and twelve weigh in favor of equitable remand, while factors one, three, four, five, six, seven, ten, and eleven are neutral.  Thus, the majority of the factors favor denial of the Motion.  The second set of factors considers:

> (1) forum non conveniens;
> (2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court;
> (3) whether the state court has greater ability to respond to questions of state law;
> (4) the particular court's expertise;
> (5) the inefficiencies of proceedings in two forums;
> (6) prejudice to the involuntarily removed party;
> (7) comity; and
> (8) possibility of an inconsistent result.

*Ramirez v. Rodriguez (In re Ramirez)*, 413 B.R. 621, 632–33 (Bankr. S.D. Tex. 2009).

With regards to the second set of factors for equitable remand, there is a certain overlap to the first set of factors.  This Court has determined that factors one, three, four, five, six, and eight are neutral.  Although there is a potential possibility of an inconsistent result under factor eight, but this Court must evaluate Montalvo's claims on Texas law.  The possibility of

inconsistent results is solely within the scope of expectations based on judicial application of the law and thus weighs neutral.  The seventh factor, unlike the eighth, weighs in favor of remand in order to keep comity with state courts.  The second factor is irrelevant to the analysis because this action was not bifurcated during removal.  Therefore, this Court may issue an order granting equitable remand pursuant to § 1452(b), but the majority of the factors are neutral.  Therefore, this Court finds, due to its ability to efficiently hear the claims and the relation to Montalvo's bankruptcy, that remand should be denied.

### 2.   Permissive Abstention under 28 U.S.C. § 1334(c)(1)

Section 1334 provides that "nothing in this section prevents a district court in the interest of justice, or in the comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. § 1334(c)(1).  Although the Court is not required to abstain under § 1334(c)(2), it may discretionarily decline to hear the proceedings, just as it may choose to remand a removed case on any equitable ground.  The second set of additional factors adopted by this Court in *Treyson* were developed to analyze a motion to abstain under § 1334(c)(1), but can also be used in an equitable remand under § 1452(b).  *In re Treyson Dev. Inc.,* 2016 WL 1604347, at *19; *see supra* Part IV(D)(1)(a).  The factors include:

> (1) effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention;
> (2) extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;
> (5) Jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial;
(12) the presence in the proceeding of non-debtor parties;
(13) comity; and
(14) possibility of prejudice to other parties in the action.

*Ramirez*, 413 B.R. at 631–32 (*citing to J.T. Thorpe Co*., 2003 U.S. Dist. LEXIS 26016, at *22–23). Bankruptcy courts have broad discretion on whether to abstain from both the plain language of § 1334 and the Fifth Circuit's decision in the *Matter of Wood*. 825 F.2d 90, 93 (5th Cir. 1987) (stating that § 1334 "grants the district court broad power to abstain whenever appropriate…"). Section 1334(c)(1) is a broadly-worded statute allowing federal courts to decline to exercise jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334; *see also Wood*, 825 F.2d at 93. In *Wood*, the Fifth Circuit noted the discretionary abstention provision of § 1334(c)(1) helps prevent the broad language of § 1334(b) from bringing into federal court matters which should be left to state courts to decide. *In re Houston Regional Sports Network, L.P.*, 514 B.R. at 218 (citing *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir.1987)).

Also at issue in the Adversary Proceeding is whether the Court may permissively abstain from exercising jurisdiction over Montalvo's claims, which purportedly collaterally attack the judgment entered by the 275th State District Court for Hidalgo County, Texas. However, the testimony and arguments at the Hearing paint a very different picture than what was plead in the Motion. To wit, a bill of review is an independent action brought to set aside a judgment that is not void on the face of the record and no longer appealable or subject to a motion for a new trial. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). As a general rule and because a bill of review is a direct attack on the judgment, it must be brought in the court that rendered the judgment, and only the court that rendered the original judgment has jurisdiction over the bill

of review.  *Rodriguez v. EMC Mortg. Corp.*, 94 S.W.3d 795, 797 (Tex. App.–San Antonio 2002, pet. denied); *Richards v. Comm'n for Lawyer Discipline*, 81 S.W.3d 506, 508 (Tex. App.–Houston [1st Dist.] 2002, no pet.).  The requirement that a bill-of-review be filed in the court that rendered the judgment is a matter of jurisdiction, not merely of venue; the rule is intended to protect principles of comity:

> We believe the policy considerations for the rule remain sound.  Under the principles of comity, a court should not be permitted to interfere with the final judgment of another court of equal jurisdiction.  Apart from the unseemliness of such conduct, the rule avoids 'confusion, judge-shopping and conflicting results.'  Although the Government Code and the rules of civil procedure authorize district judges in multiple court counties to hear matters from other courts ..., for the purposes of the rule requiring direct attacks to be filed in the court of judgment, the district courts are considered to be jurisdictionally separate.

*Pursley v. Ussery*, 937 S.W.2d 566, 568 (Tex. App.–San Antonio 1996, no writ).  However, Montalvo is not seeking to set aside the ruling of the 275th State District Court, but rather seeks to pursue claims on alternative grounds against Vela and TCPSP for their post-judgment conduct.

As previously stated, the factors weighing in favor of equitable remand will also weigh in favor of discretionary abstention under § 1334(c)(1), thus this Court will consider the factors for discretionary abstention.  The effect of the outcome of the case on the bankruptcy estate could be significant as it could potentially provide an influx of assets to the bankruptcy estate to pay creditor claims from monetary damages recovered from Vela and TCPSP, and also may serve to resolve Vela and TCPSP's claims against Montalvo's bankruptcy estate.  *See In re Craig's Stores of Texas, Inc.*, 266 F.3d 388 (5th Cir. 2001) (provisioning a three-factor test to determine whether "related to" jurisdiction exists).  The nature of the case is one of state law, but it is not difficult or unsettled in nature.  According to Tummel's testimony and Montalvo's Counsel, there is a related proceeding before the 275th State District Court of Hidalgo County, Texas, but,

aside from unrelated proceedings before this Court, there are no other active state or non-bankruptcy proceedings that this Court has been made aware of.  However, a review of the procedural status of the case and the docket of the state court indicates that there is substantial discovery to be done and the claims brought forth are ones that could conceivably impact Montalvo's bankruptcy estate.  The pleadings reflect a demand for a jury has been filed in C-7344-13.  *See* [ECF No. 1-24]; Vela Exh. 6(A) at 24; Vela Exh. 6(B) at 1; Vela Exh. 6(E) at 1. *But see Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989); *Katchen v. Landy*, 382 U.S. 323 (1966); *but c.f. Schoenthal v. Irving Trust Co.*, 287 U.S. 92 (1932).  The Court has the requisite expertise to try the instant case because it is not a matter of unsettled law.  The removal of the case may cause some prejudice to the removed parties, but the possibility of such is minimal and the expediency with which the matter may be resolved outweighs any potential prejudice.

Based on the foregoing, this Court finds, on balance, that it need not abstain from hearing the matter pursuant to § 1334(c)(1).

### 3.   Mandatory Abstention under 28 U.S.C. § 1334(c)(2)

Section 1334(c)(2) provides that:

> [U]pon timely motion of a party in a proceeding based upon a . . . State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

§ 1334(c)(2).  The key difference between a mandatory abstention and a discretionary abstention or equitable remand is that a mandatory abstention applies "only to non-core proceedings—that is, proceedings 'related to a case under title 11', but not 'arising under title 11, or arising in a case under title 11.'"  *In re Gober*, 100 F.3d at 1206 (comparing 28 U.S.C. §§ 157(b)(1) & 1334(c)(2)); *see also J.T. Thorpe Co.*, 2003 U.S. Dist. LEXIS 26016, at *10; *Ramirez*, 413 B.R.

at 626–27. *Cf. Stern*, 564 U.S. at 498-500.   Thus, a court must abstain from hearing a cause of

action if the following factors are met:

> (1) a motion has been timely filed requesting abstention;
> (2) the cause of action is essentially one that is premised on state law;
> (3) the claim is a non-core proceeding, i.e., it is "related to" a case under title 11 but does not arise under or in a case under title 11;
> (4) the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under § 1334(b);
> (5) an action has been commenced in state court; and
> (6) the action could be adjudicated timely in state court.

*In re Treyson Dev. Inc.*, No. 14-70256, 2016 WL 1604347, at \*21 (Bankr. S.D. Tex. Apr. 19,

2016) (citing *Schuster v. Mims* (*In re Rupp & Bowman Co.*), 109 F.3d 237, 239 (5th Cir. 1997*);

In re Gober v. Terra + Corp.* (*In re Gober*), 100 F.3d 1195, 1206 (5th Cir. 1996); *Broyles v. U.S.

Gypsum Co.*, 266 B.R. 778, 782–83 (E.D. Tex. 2001); *Lee v. Miller*, 263 B.R. 757, 763 (S.D.

Miss. 2001); *Chickaway v. Bank One Dayton, N. A.,* 261 B.R. 646, 649 (S.D. Miss. 2001); *WRT

Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 605 (S.D. Tex.

1999).

The Court will now analyze the six factors to determine whether abstention is required

under § 1334(c)(2).   Here, Vela filed his Motion on June 9, 2016, which was two days after

Montalvo filed the Application of Removal.   *Compare* [ECF No. 1] *with* [ECF No. 2].

Therefore, Vela has filed a timely motion, and the first factor has been met.   *Compare* [ECF No.

1] *with* 28 U.S.C. § 1447(c).   In the Adversary Case at bar, the state court petition consists of ten

causes of action, all of which are premised on Texas state law as they were filed prior to the

bankruptcy.   Therefore, the second, third, and fifth factors have been met.   [ECF No. 1 at 2].   The

fourth factor looks to whether the proceeding could not otherwise have been commenced in

federal court absent federal jurisdiction under § 1334(b). In this case, there is no federal subject

matter jurisdiction over Montalvo's ten causes of action because these claims are rooted purely

in Texas state law and not federal law and there is no diversity of citizenship here. [ECF No. 1 at 2]. Montalvo's causes of action, as they predated his's bankruptcy, are not stated as causes of action arising under the Bankruptcy Code. Thus, Vela has met the fourth factor. Lastly, the testimony at the Hearing and a review of the docket call into question whether the 93rd State District Court for Hidalgo County, Texas can adjudicate this dispute in a timely manner. [ECF No. 1- 2]. The standard to determine whether there can be timely adjudication requires only that the movant show "that the matter can be timely adjudicated," not that it will be more timely adjudicated. *In re Treyson Dev. Inc.*, 2016 WL 1604347 at *23 (citing to *J.T. Thorpe Co.*, 2003 U.S. Dist. LEXIS 26016, at *10). While the standard is a relatively low hurdle, it does require that "the movant must demonstrate more than a mere naked assertion that the matter can be timely adjudicated in the state court." *Id.* (citing to *J.T. Thorpe Co.*, 2003 U.S. Dist. LEXIS 26016, at *13-14, and *In re Doctors Hosp.1997, L.P.*, 351 B.R. 813, 846 (Bankr. S.D. Tex. 2006). The testimony at the Hearing briefly discussed the status of the case and how the matter had proceeded in state court. The substance of that testimony was largely focused on the many delays that have occurred thus far, and Tummel actually went on to attack the merits of Montalvo's case rather than respond to the cross examination about the timeliness of the state court adjudication. In comparing the testimony to the bar set for demonstrating that the instant matter can be timely adjudicated, this Court cannot find that Vela met that burden and, in fact, is hard pressed to determine that even the "naked assertion" mark was met. Thus, Vela has not met the sixth factor by meeting his burden of demonstrating that the state court is capable of timely adjudication.

Although Vela has met his burden on most of the elements for mandatory abstention, he has not satisfied his burden for the sixth factor. Therefore, this Court is not compelled to

mandatorily abstain from hearing the instant matter.  As such, this Court finds that the Motion should be denied, as to mandatory abstention.

## V.    CONCLUSION

Pending before the Court is the Motion filed by Vela.  [ECF No. 2].  The Motion "urge[d] the Court to abstain from exercising jurisdiction over Montalvo's ancillary claims…"  *Id.* at 3. This Court reviewed the Motion in light of the standards for remand, pursuant to 28 U.S.C. § 1452, permissive abstention, pursuant to 28 U.S.C. § 1334(c)(1), and mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2).  Based on the foregoing analysis, this Court has found that the Motion fails to meet the burden for relief under all three and, accordingly, may in its discretion abstain from hearing Montalvo's case.  However, based on the pleadings, the testimony and evidence presented at the Hearing, this Court holds that Vela's Motion is **DENIED**, as to mandatory abstention, pursuant to § 1334(c)(2), as Vela failed to meet his burden.  As a secondary basis for granting the Motion, this Court holds that relief is not warranted under 28 U.S.C. §§ 1334(c)(1) or 1452 and is also **DENIED**.

An Order consistent with this Memorandum Opinion shall be simultaneously entered herewith.

SIGNED 10/14/2016.

Eduardo V. Rodriguez
United States Bankruptcy Judge