

ENTERED
10/13/2017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| JOSE MARCOS MONTALVO; dba § | CASE NO: 16-70186 | |
| MONTALVO ROOFING AND § | | |
| CONSTRUCTION; dba MONTALVO § | | |
| ROOFING; dba MONTALVO § | | |
| ENTERPRISES LLC § | | |
|    Debtor § | | |
| § | CHAPTER 11 | |
| § | | |
| JOSE MARCOS MONTALVO § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 16-7010 | |
| § | | |
| ADOLFO VELA, *et al* § | | |
|    Defendants § | JUDGE EDUARDO V. RODRIGUEZ | |

**MEMORANDUM OPINION**
**DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**
*Resolving ECF Nos. 65, 66, 67, 69*

## I. INTRODUCTION

The law frowns on granting litigants a second bite at the proverbial apple in their case. Here, whether intentional or by mistake, Defendants have filed multiple motions for summary judgment despite a prior ruling on summary judgment motions. The issue before this Court is whether Defendants should be allowed to take a second bite at the apple: to wit, whether this Court should consider Defendants' pending motions for summary judgment in light of this Court's prior ruling granting in part and denying in part Defendants' previous motions for summary judgment. Accordingly, this Court must determine whether Defendants' pending summary judgment motions are barred by *res judicata* or should be considered on the merits.

## II. FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to

Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014.  To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such.  To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.  This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

Further, for the purposes of this Memorandum Opinion, and to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Finding of Facts in the prior Memorandum Opinion entered by this Court.  ECF No. 30; *In re Montalvo*, 559 B.R. 825, 828–34 (Bankr. S.D. Tex. 2016).

On June 7, 2016, Jose Marcos Montalvo ("*Plaintiff*") removed this case to this Court against Defendants Adolfo Vela ("*Vela*") and TCPSP Corporation ("*TCPSP*").  ECF No. 1.  Shortly after Plaintiff removed the case, TCPSP filed a Motion for Summary Judgment.  ECF No. 3.  On August 15, 2016, and August, 17, 2016, respectively, TCPSP filed an Amended Motion for Summary Judgment and Vela filed his own Motion for Summary Judgment.  ECF Nos. 13, 14 (collectively, the "*Original Motions*").

On January 18, 2017, this Court conducted a Scheduling Conference and advised the parties that it would take up the Original Motions, which this Court ordered were granted in part and denied in part.  ECF No. 56 (the "*Order*") (dismissing Counts 1, 3–6, 8, 10, 20, 22 in their entirety and dismissing Count 11 as to the alleged wrongful disclosure).  On February 1, 2017, Plaintiff filed his Third Amended Complaint to comport with this Court's ruling on the Original Motions.  *Compare* ECF No. 60 *with* ECF No. 56.

On February 15, 2017, TCPSP filed a Motion for Summary Judgment.  ECF No. 65.  On February 16, 2017, Vela filed a Motion for Summary Judgment.  ECF No. 66.  On February 17,

2017, Vela filed a Second Motion for Summary Judgment. ECF No. 67. On February 20, 2017, TCPSP filed a Second Motion for Summary Judgment. ECF No. 69. On March 8, 2017, Plaintiff filed a Response to TCPSP's Motion for Summary Judgment, a Response to Vela's Motion for Summary Judgment, and a Response to Vela's Second Motion for Summary Judgment. ECF Nos. 76, 78, 79. TCPSP filed a Reply to Plaintiff's Response to its Motion for Summary Judgment on that same day. ECF No. 77. On March 9, 2017, Plaintiff filed a Response to TCPSP's Second Motion for Summary Judgment. ECF No. 81. On March 10, 2017, Vela filed a Reply to Plaintiff's Response to his Second Motion for Summary Judgment. ECF No. 87. On March 13, 2017, TCPSP filed a Reply to Plaintiff's Response to its Second Motion for Summary Judgment. ECF No. 90. On March 14, 2017, Vela filed his Reply to Plaintiff's Response to his Motion for Summary Judgment. ECF No. 91. On May 10, 2017, Plaintiff filed Amended Responses to TCPSP's Motion for Summary Judgment and Second Motion for Summary Judgment. ECF Nos. 125, 126.

On May 18, 2017, the Court held a hearing on both Motions for Summary Judgment and both Second Motions for Summary Judgment (collectively, the "*Pending Motions*"). ECF Nos. 65, 66, 67, 69. The Court questioned the parties as to whether the Pending Motions should be denied outright based on this Court's prior ruling on the Original Motions. Defendants stated that they did not understand the Court's ruling on January 18, 2017, to dispose of the Original Motions. Further, Defendants argued that since Plaintiff amended his complaint after the Original Motions the Pending Motions are still appropriate. The Court took the Pending Motions under advisement. Further, the Court granted Plaintiff leave to upload an amended complaint, which Plaintiff did on June 1, 2017. ECF Nos. 170, 174.

The Court took the matter under advisement and the Pending Motions are now ripe for

consideration.

### III. LEGAL STANDARD

The application of *res judicata* produces finality for the parties and promotes judicial economy. *In re Shank*, 569 B.R. 238, 250 (Bankr. S.D. Tex. 2017). Parties know that when final judgment is entered and all appeals are exhausted the case is over and the decision will be binding on all issues determined in the lawsuit or proceeding. *Id.* To determine whether a prior judgment has *res judicata* effect, the Fifth Circuit applies the following test:

> [f]or a prior judgment to bar an action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases.

*In re Chestnut*, 356 F. App'x 732, 736 (5th Cir. 2009) (quoting *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983)). "The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *EEOC v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quoting *Barr v. Resolution Trust Corp.*, 837 S.W. 2d 627, 630 (Tex. 1992)).

### IV. CONCLUSIONS OF LAW

#### A. Jurisdiction & Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). This

Court previously determined that this is a core matter because the case will adjust "the debtor-creditor . . . relationship" due to the impact of the state law claims on the proofs of claim filed by Defendants in Plaintiff's underlying bankruptcy. ECF No. 30 at 11–12; § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999).[1]

This Court may only hear a case in which venue is proper. 28 U.S.C. § 1408. Montalvo's principal place of residence is Pharr, Texas, whereas Defendant Vela's primary place of business is in McAllen, Texas and Defendant TCPSP is incorporated under Texas law with a primary place of business in Edinburg, Texas. ECF No. 30 at 12. Therefore, venue is proper.

### B.  Constitutional Authority to Enter a Final Order

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order. *Stern v. Marshall*, 564 U.S. 462 (2011). *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938–39 (2015) (holding that parties may consent to jurisdiction on non-core matters). On January 18, 2017, all parties consented to this Court entering final orders on both core and non-core matters. Min. Entry 1/18/2017. Accordingly, this Court can enter a final order in this matter. *See Wellness Int'l Network*, 135 S. Ct. at 1938–39.

### C.  The Pending Motions are Barred by Res Judicata

Before this Court can consider the merits of any of the Pending Motions, it must first determine whether they are even properly before this Court. The Court issued a prior judgment on the Original Motions, thereby requiring a determination as to whether the Pending Motions are barred by *res judicata*. *Compare* ECF No. 56 *with* ECF No. 65 *and* ECF No. 66 *and* ECF No. 67 *and* ECF No. 99. Turning to the first prong of the *res judicata* test, the Court finds that it is satisfied because the parties at issue in the Pending Motions are identical to the parties at issue

---

[1] "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

in the Original Motions as Plaintiff has not been permitted to add additional defendants to this suit. *Compare* ECF No. 1 *with* ECF No. 60 *and* ECF No. 174. The Court finds that the second prong of the *res judicata* test is also satisfied because this Court has maintained proper jurisdiction under § 157 throughout this case. *See In re Chestnut*, 356 F. App'x at 736.

As to the third prong, the Court conducted a hearing on the Original Motions and issued a thorough ruling on the merits, which dismissed several of the counts at issue in the Original Motions. ECF No. 56. Electronic notice of the Order was sent to Defendants' Counsel on January 18, 2017. ECF No. 58. Notice of this Court's Order was sent by first class mail to the Defendants on January 20, 2017. *Id.* Although Defendants contend that they were unaware that the Order disposed of the Original Motions, Defendants have neither alleged nor provided evidence that they did not receive notice of the Order. Therefore, this Court's Order became a final order because it was not timely appealed. *See Eubanks v. F.D.I.C.*, 977 F.2d 166, 169 (5th Cir. 1992). Thus, the third prong of the *res judicata* test is satisfied. *See In re Chestnut*, 356 F. App'x at 736. Accordingly, this Court finds that only the fourth prong of the *res judicata* test is at issue here. *See id.*

This Court must determine whether the same cause of action is involved in the Original Motions and the Pending Motions. *See In re Chestnut*, 356 F. App'x at 736. The Original Motions rest on two distinct arguments: to wit, (1) that Plaintiff's claims for wrongful execution are barred by a two-year statute of limitations and (2) that Plaintiff's claims are barred by *res judicata* and the Texas compulsory counterclaim rule. ECF Nos. 13, 14. The Pending Motions seek summary judgment on the basis of (1) the applicable statute of limitations and (2) *res judicata*. *See* ECF Nos. 65, 66, 67, 69. On their face, the Pending Motions present an identical cause of action to the Original Motions by presenting the same arguments in favor of summary

judgment.  *Compare* ECF No. 13 *and* ECF No. 14 *with* ECF No. 65 *and* ECF No. 66 *and* ECF No. 67 *and* ECF No. 69.

At the May 18, 2017 hearing, Defendants stated that they misunderstood this Court's Order dismissing a variety of counts from Plaintiff's complaint to be a ruling on the Original Motions.  This Court's Order explicitly states that the Original Motions were granted in part and denied in part.  ECF No. 56.  Ignorance of this Court's orders is not a defense against *res judicata*.  Additionally, Defendants argued that Plaintiff's amendments to his complaint provided Defendants with another opportunity to seek summary judgment.  Although Plaintiff has amended his complaint multiple times since this Court ruled on the Original Motions, the claims Plaintiff makes against Defendants have remained the same, except for the dismissed counts based on this Court's ruling.  *Compare* ECF No. 51 *with* ECF No. 60 *and* ECF No. 174.  At the hearing on the Pending Motions, Defendants also contended that Plaintiff's new argument regarding the "discovery rule" does not overcome his claims being barred by the statute of limitations.  *See* ECF No. 174 (noting that the "discovery rule" is an exception to the statute of limitations when the injury is undiscoverable and the evidence of injury is verifiable).  The timing of Defendants' argument is misplaced.  The applicability of the "discovery rule" to the statute of limitations on Plaintiff's claims will be an issue at trial because this Court already determined whether Defendants were entitled to summary judgment on any claims based on, *inter alia*, the statute of limitations.  *See* ECF No. 56.  Accordingly, this Court finds that the same cause of action is involved in the Pending Motions as in the Original Motions, thereby satisfying the fourth prong of the *res judicata* test.  *Compare* ECF No. 13 *and* ECF No. 14 *with* ECF No. 65 *and* ECF No. 66 *and* ECF No. 67 *and* ECF No. 69.  Therefore, this Court finds that the Pending Motions are barred by *res judicata* and cannot be considered on the merits.  *In re*

*Chestnut*, 356 F. App'x at 736; *In re Shank*, 569 B.R. at 259 (finding the debtor's plan and confirmation order barred the creditor from relitigating the amount of its claim under *res judicata*).

### V. CONCLUSION

Defendants filed multiple summary judgment motions with this Court—whether intentionally or inadvertently—despite the prior Order on summary judgment. *Compare* ECF No. 13 *and* ECF No. 14 *with* ECF No. 65 *and* ECF No. 66 *and* ECF No. 67 *and* ECF No. 69. Regardless of the reasoning behind the Pending Motions, this Court is bound by its Order on the Original Motions. ECF No. 56. Defendants cannot have a second bite at the apple. Accordingly, the Pending Motions are barred by *res judicata* and cannot be considered on the merits. *See In re Chestnut*, 356 F. App'x at 736; *In re Shank*, 569 B.R. at 259. Therefore, Defendants' Pending Motions, ECF Nos. 65, 66, 67, and 69, are hereby **DENIED**.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 10/13/2017.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge